IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARNEST EDWARD BLADEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.1:14-CV-118-MHT |
| | ) | [WO] |
| HOUSTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is confined at the Houston County Jail in Dothan, Alabama. He files this 42 U.S.C. § 1983 complaint for damages against Houston County, Alabama, Sergeant Turner, Officer De LaPaul, Sergeant Jones, and Sergeant Brasier. He alleges various violations of his constitutional rights stemming from falling down the stairs at the Houston County Courthouse on January 27, 2013. Upon consideration of the pleadings, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

On January 27, 2013, Plaintiff fell down the stairs at the Houston County Courthouse. Plaintiff had on ankle chains when he fell from the fourth step to the landing. Although

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Defendant LePaul was behind Plaintiff when he fell, Plaintiff complains the officer "didn't do nothing to help prevent [him] from falling." Defendant Jones launched an investigation upon being notified of the incident. Defendants Jones and Brasier stated Plaintiff's injuries were self-inflicted because he attempted to run when the incident occurred. Plaintiff was subsequently removed from population at the Houston County Jail and sent to lock up because he bent the ankle shackles when he fell. He complains he was charged for damaging the ankle chains. Finally, Plaintiff complains that, while attempting to stand up to help a cell mate unlock his leg brace, he fell and injured his shoulder because his ankle chain got caught on an I peg. *Doc. No. 1* at 3.

A. *Failure to Protect*

Prison officials have a duty not to disregard a known risk to inmate safety. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), quoting *Farmer*, 511 U.S. at 844.[2]

---

[2] It appears from the allegations in the complaint that at the time the actions about which Plaintiff complains occurred, he was incarcerated in the Houston County Jail as a pretrial detainee. The Fourteenth Amendment rather than the Eighth Amendment, therefore, provides the appropriate standard for assessing whether the conditions of confinement imposed upon him were violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). For analytical purposes, however, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb*

The complaint reflects Plaintiff fell down the stairs after stepping on his ankle chains. The facts alleged reflect that the incident in question was unintended and unexpected discharging the Eighth Amendment duty to protect Plaintiff as he has not demonstrated that any name defendant acted with deliberate indifference. Plaintiff, therefore, fails to state a claim against Defendants under the Eighth Amendment regarding the January 27, 2013, incident. Any claim that jail officials should have done more, under the circumstances, goes beyond the constitutional imperative against ignoring a potential threat and amounts only to a claim that jail staff were negligent. Negligence, however, is not actionable in a complaint filed under 42 U.S.C. § 1983. This claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *Daniels v. Williams*, 474 U.S. 327 (1986); *Whitley v. Albers,* 475 U.S. 312, 319 (1986) (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety"); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

B. *Conditions*

Plaintiff alleges he injured himself in a holding cell when, failing to recognize his shackle chain was caught on an I peg, he fell forward on his shoulder. This claim fails to state

---

*County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Cottrell*, 85 F3d at 1490 ("[T]he applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Thus, this court relies on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Plaintiff's failure to protect claim because the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

3

a claim of constitutional magnitude. Plaintiff doe not allege that any defendant was involved in or responsible for the incident about which he complains. The incident appears to have been only an unfortunate and inadvertent accident. There is no indication that conditions in the holding cell amounted to a violation of the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (only "extreme deprivations" will make out a conditions-of-confinement claim); *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004) (the challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [plaintiff's] future health."). This claim provides no basis for relief in this 42 U.S.C. § 1983 action and is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*C. Due Process*

Plaintiff had a disciplinary hearing where Defendant Turner testified she thought Plaintiff was trying to escape before his sentencing hearing when he fell down the stairs at the courthouse. Plaintiff also asserts Defendants Jones and Braiser stated he tried to run. Plaintiff was removed from general population to lock up and charged for damaging the ankle chains which bent when he fell down the stairs. *Doc. No. 1* at 3.

If Plaintiff contends Defendants improperly confiscated funds from his inmate account to pay for the damage to jail property, the court recognizes that inmates have a protected property interest in any funds deposited into their prison account and cannot be deprived of those funds without due process of law. *See Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989). In this situation, however, all the Due Process Clause requires is the availability

of an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels*, 474 U. S. 327 ; *Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir. 1996); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60, *et seq*. Plaintiff's contention that his constitutional rights were violated when he was charged for damaging jail property, whether such resulted from negligence or an intentional act, is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

If Plaintiff contends that his assignment to lock up constituted "punishment" in violation of his rights as a pre-trial detainee under the Due Process Clause of the Fifth Amendment, *Bell v. Wolfish*, 411 U.S. 520, 560-61 (1979), he has shown no entitlement to relief. In *Bell,* the Court determined that the Due Process Clause prohibits the punishment of a pretrial detainee "prior to an adjudication of guilt in accordance with due process of law." *Id*. at 535. The Court recognized that not every condition imposed on a pretrial detainee amounts to impermissible punishment and determined:

> If a particular condition or restriction of pretrial detention is reasonably related to a legitimate government objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Id*. at 539. *See   Magluta v. Samples,* 375 F.3d 1269, 1273 (11th Cir.  2004); *McMillian v.*

5

*Johnson,* 88 F.3d 1554, 1564 (11th Cir. 1996). *See also Higgs v. Carver,* 286 F.3d 437, 438 (7th Cir. 2002) ("As long as the purpose was indeed a preventative rather than a punitive one, he would not be entitled to notice and a hearing.").

Here, even assuming that Plaintiff's placement on lock up implicates a liberty interest, he has provided no evidence this housing assignment constituted "punishment" in violation of his substantive due process rights nor that his procedural due process rights were violated because of the actions about which he complains. Rather, the allegations in the complaint reflect that Plaintiff received a disciplinary hearing regarding the incident at the courthouse. Jail personnel believed at the time the incident occurred Plaintiff's behavior reflected a security threat and directed that he be placed on lock up. Defendants' legitimate security concerns appear valid and based on their perception and understanding of events when they occurred. Moreover, Plaintiff's allegations fail to indicate that any prison personnel had a punitive intent in making the decision to place him on lock up. This claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

*D. Houston County*

Plaintiff names Houston County as a defendant to this action. Governmental entities, such as Houston County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Instead, such entities may be held liable only for the execution of a governmental policy or custom. *Id.; see also Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality

6

can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). It is well-settled that an entity can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making body.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

The court concludes that Houston County, Alabama, is not liable under § 1983 for the actions about which Plaintiff complains. The claims against this defendant are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that **on or before May 14, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this

Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of April 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE